

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH:JEA/EHS
F. #2019R01179

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 1, 2022

By ECF

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Awais Chudhary
                 Criminal Docket No. 20-135 (CBA)

Dear Judge Amon:

      On June 24, 2022, counsel for the defendant Awais Chudhary provided notice of their intention to "introduce expert testimony at trial relating to a mental disease or defect or any other mental condition bearing on the issue of guilt" pursuant to Federal Rule of Criminal Procedure 12.2(b).  See ECF No. 93.  The government respectfully moves to preclude such "expert" testimony on the grounds that the defendant's disclosure is inadequate, and the proposed testimony is prohibited by the Insanity Defense Reform Act of 1984 ("IDRA"), irrelevant to the charges, and would risk confusing the jury about the issues to be decided in this case.

I.    Awais Chudhary's Expert Notice

      During the June 10, 2022 status conference, counsel for the defendant informed the Court and the government that it intended to call experts on the topics of ISIS and the defendant's "mental condition."  The Court ordered the defendant to file his expert notice by June 17, 2022.  On June 17, 2022, the defendant sought a one-week extension to file his expert notice. ECF No. 92.  On June 24, 2022, defense counsel provided notice of their intention to call an unnamed expert in an unspecified field of expertise to provide "expert testimony at trial relating to a mental disease or defect or any other mental condition bearing on the issue of guilt." ECF No. 93.  The expert disclosure noted that it was being provided "pursuant to Federal Rule of Criminal Procedure 12.2(b)" and yet conceded in the next sentence that "the defense does not believe that the anticipated expert testimony relates

to a mental condition within the meaning of Rule 12.2(b)." Id.[1] The deadlines for motions was set for January 10, 2022. See ECF No. 58. As relevant here, this deadline also triggered the provision of Federal Rule of Criminal Procedure 12.2(b) ("Rule 12.2(b)"), which states that a defendant's notice of intent to introduce expert evidence of a mental condition is due "within the time provided for filing a pretrial motion." Id. To date, the defense still has yet to seek permission from the Court to file a late notice pursuant to Rule 12.2(b)'s good cause exception.

II.     Argument

   A.     The Defendant's Notice Is Insufficient

Because the defendant's notice does not comply with Federal Rule of Criminal Procedure 16(b)(1)(C), the expert's testimony should be excluded. A district court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993); United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007) (expert testimony must be "relevant to the task at hand"). As the Second Circuit stated, "[t]he district court cannot perform [the] complex evaluation of an expert's proposed methodology without a clear articulation of what the expert's opinions are and, even more importantly, of the bases for those opinions." United States v. Ulbricht, 858 F.3d 71, 115 (2d Cir. 2017). Thus, for a court to evaluate an expert's methodology, the proponent of the expert's testimony must comply with Federal Rule of Criminal Procedure 16(b)(1)(C), which requires that a written summary of expert testimony describe the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The purpose of the rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." United States v. Wilson, 493 F. Supp. 2d 484, 486-87 (E.D.N.Y. 2006) (quoting Fed. R. Crim. P. 16, Advisory Committee Notes, 1993 Amendment); see also United States v. Ulbricht, No. 14-CR-68 (KBF), 2015 WL 413318, *5 (S.D.N.Y. Feb. 1, 2015), aff'd 858 F.3d 71 (2d Cir. 2017).

It is well settled that Federal Rule of Criminal Procedure 16(d)(2)(C) gives a district court the discretion to preclude expert testimony about any topics or opinions not properly disclosed. See, e.g., Ulbricht, 2015 WL 413318 at *5; United States v. Mahaffy, No. 05-CR-613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (citing United States v. Barile, 286 F.3d 749, 758-59 (4th Cir. 2002)); United States v. Valle, No. 12-CR-847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013). A court may preclude the testimony as a whole, or any part that it determines was not properly disclosed to the government. See Mahaffy, 2007 WL 1213738, at *2.

---

[1] Notably, and as discussed in further detail below, the defendant did not provide notice of an intent to assert an insanity defense pursuant to Rule 12.2(a) and the IDRA.

2

The defendant's expert notice is patently deficient.  Federal Rule of Criminal Procedure 16(b)(1)(C) requires the defendant to provide a written summary of any expert testimony it intends to introduce at trial.  Fed. R. Crim. P. 16(b)(1)(C).[2]  The defendant's expert notice does not come close to satisfying this rule.  It does not disclose (1) the name of the testifying expert; (2) the expert's area of expertise; (3) the expert's qualifications that allow him or her to opine on the area of expertise; (4) the mental disease, defect, or deficiency that the expert will opine on; or (5) the tests the expert performed on the defendant.  This perfunctory disclosure provides no basis for the government—or the Court—to evaluate "what the expert's opinions are and, even more importantly, . . . the bases for those opinions."  Ulbricht, 858 F.3d at 116.  Permitting the defendant to introduce expert testimony following such a limited disclosure would be inconsistent with Rule 16's aim to "minimize surprise" and "provide . . . a fair opportunity to test the merit of the expert's testimony through focused cross examination."  Fed. R. Crim. P. 16, Advisory Committee Notes, 1993 Amendment.  The Court should preclude the proposed expert's testimony based on the insufficiency of the defendant's notice alone.[3]

  B.  The Proposed Expert Testimony Is Prohibited by the IDRA

Setting aside the deficiency of the defendant's notice, the proposed testimony is inadmissible because it is directly prohibited by the IDRA.  The defendant is not claiming insanity, nor is he charged with a specific intent crime.  Under the IDRA, a defendant can put forth the affirmative defense of insanity by showing that the defendant "was unable to appreciate the nature and quality or the wrongfulness of his acts."  See 18 U.S.C. § 17.  The defendant bears the burden of proving the affirmative defense by "clear and convincing evidence."  Id.  Where an insanity defense is presented at trial, the jury is provided with a special verdict form that includes an option for the jury to find the defendant not guilty by reason of insanity—a verdict that triggers civil commitment proceedings.  See United States

---

[2]   On September 11, 2020, the government demanded—in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C)—that the defendants disclose "a written summary of testimony that the defendant[s] intend[] to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence."  ECF No. 28 at 3.  The government specifically requested a description of the "opinions of the witnesses, the bases and reasons for the opinions, and the qualifications of the witnesses."  Id.

[3]   The defendant's notice is also deficient under Rule 12.2(b) because it does not indicate the type of mental health experts nor the specific tests those experts have performed.  See United States v. Ray, No. 20-CR-110 (LJL), 2021 WL 5493839, at *3 (S.D.N.Y. Nov. 22, 2021) ("Courts considering the content for a Rule 12.2(b) notice thus require it to be meaningful and, in particular, to indicate 'the kinds of mental health experts the defense presently intends to call, and the specific tests those experts have performed.'") (citation omitted).

v. Cameron, 907 F.2d 1051, 1061 (11th Cir. 1990) (citing 18 U.S.C. § 4242(b)).  "The language of the [IDRA] leaves no room for a defense that raises 'any form of legal excuse based upon one's lack of volitional control' including 'a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions.'"  United States v. Worrell, 313 F.3d 867, 872 (4th Cir. 2002) (citing Cameron, 907 F.2d at 1061).

The IDRA "does not preclude a defendant from submitting mental health evidence for the purpose of rebutting the prosecution's proof of the mens rea element of a specific intent crime."  United States v. Dupre, 462 F.3d 131, 137 (2d Cir. 2006).  Mental health evidence is only admissible where the defendant is charged with a specific intent crime.  United States v. Busic, 592 F.2d 13, 21-22 (2d Cir. 1978) (affirming district courts exclusion of psychiatric testimony that the defendant was incapable of forming the requisite intent to commit the offenses charged because the charged offenses were general intent crimes.)  But the defendant is charged with one count of attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B.  Section 2339B is a general intent crime.  See Holder v. Humanitarian Law Project, 561 U.S. 1, 16-17 (2010) ("Congress plainly spoke to the necessary mental state for a violation of § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activities.").  Since the defendant is not claiming insanity and is not charged with a specific intent crime, the proposed expert testimony is inadmissible.[4]

C.   The Testimony Is Not Otherwise Admissible

Given that the appropriate avenues for mental health expert testimony are foreclosed—i.e., insanity and mens rea in specific intent crimes—the proposed expert testimony should be excluded because it is irrelevant and may confuse the jury.  The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the

---

[4] Even in specific intent crimes, courts have consistently and strongly cautioned that under the IDRA, the admission of such evidence can be permitted only in rare and narrowly defined circumstances.  See United States v. Pohlot, 827 F.2d 889, 900 (3d Cir. 1987); Cameron, 907 F.2d at 1066 (same).  In cases involving psychiatric evidence outside the insanity defense rubric, "psychiatric evidence must be weighed carefully to ascertain whether it would, if believed, 'support a *legally acceptable* theory of lack of mens rea.'"  United States v. Dupre, 339 F. Supp. 2d 534, 541 (S.D.N.Y. 2004), aff'd, 462 F.3d 131 (2d Cir. 2006) (citing Cameron, 907 F.2d at 1067) (emphasis in original).  A defendant must "demonstrate a genuine link between the proffered expert testimony and the issue of intent."  Dupre, 339 F. Supp. 2d at 541; see Worrell, 313 F.3d 874 (excluding expert who did not address defendant's "intent, or lack of intent, to deposit threatening communications in the mails" and finding that it "provide[d] no basis to negate the specific intent element the government was required to prove."); United States v. Brown, 326 F.3d 1143, 1148 (10th Cir. 2003) ("Brown fails to connect his mental condition with any legally acceptable theory that he lacked specific intent.").  The defendant has not made any such showing here.

4

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  And as with all evidence, expert testimony "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R Evid. 403; see Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir. 2005).  Accordingly, a district court may preclude a proposed expert's testimony if the testimony is irrelevant to the issues at trial, or if its probative value would be outweighed by a danger of confusing the issues or misleading the jury.  See, e.g., United States v. Stewart, 433 F.3d 273, 311-12 & n.10 (2d Cir. 2006) (affirming preclusion of expert testimony; "expert testimony regarding an issue not relevant to the charges under consideration has the potential to confuse the jury"); United States v. Brooks, No. 08-CR-35 (PKL), 2008 WL 2332371, at *2 (S.D.N.Y. June 4, 2008) (precluding expert testimony as "irrelevant to this trial" and noting the "substantial risk that such testimony would confuse the jury").

    Here, the proposed mental health testimony is irrelevant since it is not offered as an insanity defense or to rebut mens rea in a specific intent crime.  See Fed. R. Evid. 403.  Additionally, its potential for prejudice outweighs any probative value.  The proposed testimony may mislead the jury into concluding that the defendant's mental health affected the defendant's volitional control.  See Dupre, 339 F. Supp. 2d at 540-541 ("Testimony about mental disease should not be allowed where it is offered to support the conclusion, or will mislead the jury into concluding … that the disease caused the defendant to commit the crime or otherwise impaired [his] ability to exert volitional control, or that the disease impaired the defendant's ability to reflect on the consequences of her conduct.").  The jury's role is to determine whether the defendant had the requisite criminal intent, and this function should not be usurped by the defendant's expert.  See Busic, 592 F.2d at 22 ("We do not recognize that experts in . . . psychiatry are so much better qualified than jurors to pass upon the question of a defendant's intention").  Accordingly, because the proposed expert testimony is irrelevant and risks misleading the jury, it should be excluded. !

5

III.    Conclusion

        For the foregoing reasons, the government respectfully requests that the Court preclude the expert testimony described in the defendant's June 24, 2022 expert notice.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Jonathan E. Algor
Ellen H. Sise
Assistant U.S. Attorneys
(718) 254-7000


cc:    Clerk of the Court (CBA) (by ECF)
       Counsel of record (by ECF and email)