**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

April 23, 2025

By ECF and Email
The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Awais Chudhary, 20-CR-135 (CBA)

Dear Judge Amon:

We write to respectfully request that the Court order the government to identify a firewall AUSA and agent (a "wall team") to be available for discussions with defense counsel in advance of trial. The wall team should possess security clearances, but should not include anyone who is a member of the Chudhary prosecution team, and they should not have any communications with the prosecution team about the substance of any defense requests. This request is minimally burdensome on the government and necessary in light of the unique circumstances of this case.

As discussed in greater detail at defense counsel's April 10 *ex parte* CIPA Section 2 conference with the Court, the defense has an urgent need to request certain allowances or waivers from the classified equity holders. While CIPA Section 5 governs *what* classified information may be used at trial or in pretrial proceedings, it does not address *who* may see that classified information, and *where*, *why*, and *when*. Those separate questions can only be answered in consultation with the classified equity holders.

Using the prosecution team as an intermediary between the defense and the classified equity holder would unfairly advantage the government and have serious Sixth Amendment implications. It would require us, for example, to ask the prosecution team to confirm need-to-know authorizations for individuals involved in preparing the defense, and would force us to reveal trial strategies by describing how and why we want to use certain classified information in preparing for trial.

Wall teams have been used extensively in the Southern and Eastern Districts of New York, for a host of different reasons. In *United States v. Saipov*, for example, Judge Broderick endorsed the use of a wall team so that the defense could make certain requests to the

government without revealing privileged information and trial strategies to the prosecution team. *See* No. 17-CR-722 (VSB) (S.D.N.Y.); *see also United States v. Guzman Loera*, 24 F.4th 144, 154 (2d Cir. 2022) (affirming use of wall team to screen potential defense witnesses under the discovery protective order); *United States v. Kassir*, No. 04 Cr. 356 (JFK), 2008 WL 2695307, at *4 (S.D.N.Y. July 8, 2008) (wall team for pre-clearance requests to provide documents to a defendant under SAMs restrictions); *United States v. Yousef*, 327 F.3d 56, 166 (2d Cir. 2003) (wall team to prevent confidential trial strategy information obtained in the course of monitoring the defendant's jail calls from being revealed to the prosecution team); *United States v. Espinal*, 96 F. Supp. 3d 53, 58 (S.D.N.Y. 2015) (wall team for surreptitious recording of a defendant who was already indicted and represented by counsel); *United States v. Simels*, No. 08 Cr. 640 (JG), 2009 WL 1924746, at *2 (E.D.N.Y. July 2, 2009), *aff'd*, 654 F.3d 161 (2d Cir. 2011) (wall team to screen for potential privileged communications); *United States v. Wilson*, 493 F. Supp. 2d 348, 353 (E.D.N.Y. 2006) (wall team in a capital case to hold government psychological evaluation under seal and prevent premature disclosure to the prosecution team until there was a guilty verdict and the case proceeded to a penalty phase); *United States v. Wey*, 256 F. Supp. 3d 355, 374 (S.D.N.Y. 2017) (wall team to segregate potentially privileged documents in advance of the case team's substantive review); *United States v. Chervin*, No. 10 Cr. 918 RPP, 2011 WL 4424297, at *4 (S.D.N.Y. Sep. 21, 2011) (wall team for screening communications for privileged information that was not subject to the crime-fraud exception); *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2019 WL 5287994, at *1 (S.D.N.Y. Oct. 18, 2019); *United States v. Massino*, 311 F. Supp. 2d 309, 312 (E.D.N.Y. 2004); *United States v. Baslan*, No. 13 Cr. 220 RJD, 2014 WL 3490682, at *1 (E.D.N.Y. July 11, 2014); *United States v. Silvio Ramirez, et al.,* 01 Cr. 414 (KMW) (S.D.N.Y.); *United States v. Allen Wolfson, et al.,* 00 Cr. 628 (JGK) (S.D.N.Y.); *United States v. Ronald Perro,* 00 Cr. 64 (KTD) (S.D.N.Y.); *United States v. Jeffrey Cohn, et al.,* 99 Cr. 807 (RWS) (S.D.N.Y.); *United States v. Zikorus,* 99 Cr. 754 (BSJ) (S.D.N.Y.); *United States v. Ceglia*, No. 12 Cr. 876 VSB, 2015 WL 1499194 (S.D.N.Y. Mar. 30, 2015); *United States v. Levin*, No. 15 Cr. 101 KBF, 2015 WL 5838579, at *2 (S.D.N.Y. Oct. 5, 2015).

By email of April 10, we proposed the use of a wall team to the government. They objected and indicated they did not believe a wall team was necessary. We revisited the issue at an in person meeting on April 22, and the government said they would look into the matter. To date, though, the government has not offered an alternative,[1] and any further delay in appointing a wall team will unnecessarily hinder Mr. Chudhary's trial preparation.

For these reasons, we respectfully request that the Court order the government to form a wall team forthwith.

---

[1] If the government prefers, the defense would welcome an alternative arrangement where we can bring requests directly to the classified equity holder, without a wall team or prosecution team as intermediary.

Thank you for your consideration.

                                                                           Respectfully Submitted,
                                                                           /s/
                                                                           Samuel Jacobson
                                                                           Nora Hirozawa
                                                                           Assistant Federal Defenders

cc:     all counsel of record (by ECF)