UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

AWAIS CHUDHARY,

           Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-cr-135 (CBA)

**AMON, United States District Judge:**

On April 3, 2025, Defendant Awais Chudhary gave notice under Federal Rule of Criminal Procedure 12.2(b) that he intended to introduce expert testimony from Dr. Mary Cohen on the issue of his autism spectrum disorder (ASD) at trial. (ECF Docket Entry ("D.E.") # 223 ("Def. 12.2 Notice").) On May 5, 2025, I granted the Government's motion pursuant to Rule 12.2(c)(1)(B) to have a rebuttal expert, Dr. Barry Rosenfeld, examine Chudhary. (D.E. ## 256, 264.) On May 29, 2025, Dr. Rosenfeld examined Chudhary. (D.E. # 303 ("Gov. Mot.") 1.) Less than two weeks later, Chudhary pled guilty. (Minute Entry of June 9, 2025 Proceedings.) Now, the Government seeks to use Chudhary's statements[1] to Dr. Rosenfeld to "contextualize or rebut the mental health evidence to be submitted by the defense" at sentencing. (Gov. Mot. 1.) For the following reasons, I DENY the Government's motion.

## DISCUSSION

Under Federal Rule of Criminal Procedure 12.2(b), "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case,

---

[1] When I refer to "Chudhary's statements" in this opinion, I am referring to the statements that Chudhary made to Dr. Rosenfeld during Dr. Rosenfeld's examination, any "testimony by [Dr. Rosenfeld] based on the statement[s], and [any] other fruits of the statement[s]." Fed. R. Crim. P. 12.2(c)(4).

the defendant must" file a notice to that effect with the government and the court. If a defendant makes such a notice, the court "may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B).

Chudhary provided his Rule 12.2(b) notice on April 3, 2025. (Def. 12.2 Notice.) On June 3, 2025, in informing the Court that he intended to plead guilty, he withdrew his notice. (D.E. # 298.) Nevertheless, because Chudhary "intends to present mental health evidence," including expert evidence, "as mitigation at sentencing," the Government seeks to counter that evidence with Chudhary's statements to Dr. Rosenfeld pursuant to Rule 12.2(c)(1)(B). (Gov. Mot. 2.) Chudhary responds that Rule 12.2(c)(4) prohibits the Government's use of Chudhary's statements at sentencing and that granting the Government's request would violate Chudhary's Fifth and Sixth Amendment rights. (D.E. # 309 ("Def. Opp.").)

I begin with the argument that Rule 12.2(c)(4) prohibits the use of Dr. Rosenfeld's report at sentencing to the extent that it relies on Chudhary's statements to Dr. Rosenfeld. When interpreting this rule, I must "review the text for its 'plain meaning.'" United States ex rel. Eisenstein v. City of New York, 540 F.3d 94, 97 (2d Cir. 2008) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990)). The text of the provision is as follows:

> (4) <u>Inadmissibility of a Defendant's Statements.</u> No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:
>
>> (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or
>> (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

Fed. R. Crim. P. 12.2(c)(4).

The government may only introduce rebuttal evidence when the defendant has introduced evidence that "requir[es] notice" under Rule 12.2. A defendant's use of mental condition evidence

2

in the guilt phase of a case requires notice, Fed. R. Crim. P. 12.2(a)-(b)(1), so the government may rebut that evidence with the defendant's statements consistent with Rule 12.2(c)(4). Similarly, a defendant's use of mental condition evidence in the sentencing phase of a capital case requires notice, Fed. R. Crim. P. 12.2(b)(2), so rebutting that evidence with the defendant's statements is permissible under the same provision. However, Rule 12.2 does not require a defendant to provide notice when he intends to introduce mental condition evidence in the sentencing phase of a non-capital case. That is what Chudhary seeks to do here. Thus, because Chudhary is not "introduc[ing] evidence of incompetency or evidence requiring notice under" Rule 12.2, it is clear from the text of Rule 12.2(c)(4) that the Government may not use Chudhary's statements to rebut evidence relating to his mental condition at sentencing.

Rather than offering an alternative reading of the Rule that would permit such use, the Government points to a Committee Note regarding the 1975 Amendment to Rule 12.2 that suggests that the Government's proposed use of Chudhary's statements may not be completely foreclosed. (Gov. Mot. 2.) I do not rely on this note for two reasons. First, as Chudhary points out (Def. Opp. 2), the Committee Note in question pertains to a previous version of Rule 12.2 in which the Rule 12.2(c)(4) bar only applied "prior to the determination of guilt." Second, while a Committee Note may help to clarify an ambiguous rule, it does not displace an unambiguous rule. See Eisenstein, 540 F.3d at 97.

The Government's last remaining argument is an appeal to my "inherent power" to permit the Government to use Chudhary's statements to Dr. Rosenfeld at sentencing "in the interest of fairness." (Gov. Mot. 3.) This argument relies on United States v. McSherry, in which the Second Circuit held that "[n]othing in Rule 12.2 [could] be read to supplant the inherent authority" of the trial court to condition the defendant's use of mental condition expert testimony "upon his

examination by prosecution experts." 226 F.3d 153, 157 (2d Cir. 2000). Like the Committee Note the Government cites, McSherry interprets an outdated version of Rule 12.2. When the Second Circuit issued McSherry, Rule 12.2 did not address rebuttal examinations. That is, McSherry involved a district court ordering a hearing at a time when the Federal Rules of Criminal Procedure were silent on the matter. In that case, the Second Circuit found the district court's inherent power to order a rebuttal examination in Federal Rule of Criminal Procedure 57(b), which says that "[a] judge may regulate practice in any manner consistent with federal law, [the Federal Rules], and local rules of the district." McSherry, 226 F.3d at 156 (emphasis added). Granting the relief the Government requests here would not be consistent with the Federal Rules; it would explicitly contradict Rule 12.2(c)(4). Rule 57(b) does not allow me to override Rule 12.2(c)(4).

There is a "generally recognized precept of avoiding unnecessary constitutional adjudication." Horne v. Coughlin, 191 F.3d 244, 248 (2d Cir. 1999). Because the Federal Rules of Criminal Procedure control the issue at hand, I need not reach Chudhary's arguments that allowing the Government to use Chudhary's statements to Dr. Rosenfeld at sentencing would violate his Fifth and Sixth Amendment rights.

## CONCLUSION

For the foregoing reasons, the Government's motion to use Chudhary's statements to Dr. Rosenfeld at his sentencing is DENIED. Although it may seem counterintuitive to foreclose the Government from relying on Chudhary's statements to its expert to contradict affirmative evidence offered on his behalf, the plain meaning of Rule 12.2 permits no other result. At sentencing, the Government may not use any statements Chudhary made to Dr. Rosenfeld, any "testimony by [Dr. Rosenfeld] based on the statement[s], and [any] other fruits of the statement[s]." Fed. R. Crim. P.

12.2(c)(4). This decision does not prohibit the Government from offering expert opinions that do not rely on these prohibited categories of information.

SO ORDERED.

Dated: July 23, 2025
Brooklyn, New York

/s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge